UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALVIN LAMAR WASHINGTON,

        Petitioner,

v.                                        CASE NO. 2:22-CV-11046
                                          HONORABLE GEORGE CARAM STEEH

MICHAEL BURGESS,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michigan prisoner Kalvin Lamar Washington ("Petitioner"), currently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He was convicted of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(b), following a jury trial in the Oakland County Circuit Court and was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to 20 to 30 years imprisonment in 2004. In his current petition, he raises a double jeopardy-type claim.

Petitioner, however, previously filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging the same conviction and sentence at issue in this case, which the Court denied on the merits. *Washington v. Davis*, No. 2:09-CV-10771 (E.D. Mich. June 3, 2011). The Court also denied

---

[1] Although Petitioner seeks to proceed pursuant to 28 U.S.C. § 2241, the Court construes his habeas petition as one brought pursuant to 28 U.S.C. § 2254. It is well-settled that habeas petitions brought by state prisoners challenging their state convictions and sentences are governed by § 2254 regardless of the statutory label placed on the petition and are subject to the restrictions and procedural requirements imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002); *see also Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (citing *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)).

his motion for a certificate of appealability (Aug. 2, 2011), as did the United States Court of Appeals for the Sixth Circuit. *Washington v. Davis*, No. 11-1757 (6th Cir. Feb. 21, 2012). The Sixth Circuit has recently denied Petitioner authorization to file a second or successive federal habeas petition. *In re Washington*, No. 21-2910 (6th Cir. Feb. 7, 2022).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner has not obtained appellate authorization to file a second or successive federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, the Court concludes that it must transfer this case to the Sixth Circuit.

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631[2] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this

---

[2]28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2

court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                                                  s/ David R. Grand  
                                                  DAVID R. GRAND  
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: May 18, 2022